# Assertion of Executive Privilege Regarding White House Counsel's Office Documents

Executive privilege may properly be asserted with respect to certain White House Counsel's Office documents that have been subpoenaed by the Committee on Government Reform and Oversight of the House of Representatives in connection with the Committee's investigation of the White House Travel Office matter.

May 23, 1996

THE PRESIDENT
        THE WHITE HOUSE

**My Dear Mr. President:** You have requested my legal advice as to whether executive privilege may properly be asserted with respect to certain confidential White House Counsel's Office documents that are responsive to subpoenas issued by the Committee on Government Reform and Oversight of the House of Representatives. The subpoenas have been issued in connection with the Committee's investigation of the White House Travel Office matter.

By letter dated May 8, 1996, I advised you that, based on the circumstances described in that letter,

> executive privilege may properly be asserted with respect to the entire set of White House Counsel's Office documents currently being withheld from the Committee, pending a final Presidential decision on the matter. This would be a protective assertion of executive privilege designed to ensure your ability to make a final decision, after consultation with the Attorney General, as to which specific documents are deserving of a conclusive claim of executive privilege.

*Protective Assertion of Executive Privilege Regarding White House Counsel's Office Documents*, 20 Op. O.L.C. 1, 1 (1996).

The Counsel to the President has now identified the specific White House Counsel's Office documents with respect to which he recommends that you assert executive privilege. The documents are identified on an index of privileged documents attached to his memorandum to you dated May 23, 1996. His memorandum to you of May 8, 1996 describes the efforts the White House has made to accommodate the Committee's information needs.

The Office of Legal Counsel of the Department of Justice has reviewed the documents for which assertion of executive privilege has been recommended and is satisfied that they fall within the scope of executive privilege. I concur in that assessment.

The documents are in three categories. Most of the documents are analytical material or other attorney work-product prepared by the White House Counsel's Office in response to the ongoing investigation by the Committee. A second category consists of similar material prepared in connection with the ongoing criminal investigation by Independent Counsel Kenneth Starr. Finally, a small number of documents are analytical documents that do not concern either the Travel Office matter or these investigations, and which were prepared by the White House Counsel's Office in order to provide legal advice within the White House.

The Counsel to the President is appropriately concerned that the Committee's demand raises significant separation of powers concerns and that compliance with it beyond the accommodations already reached with the Committee would compromise the ability of his Office to advise and assist the President in connection with the pending Committee and Independent Counsel investigations. It would also have a chilling effect on the Office's discharge of its responsibilities in future congressional investigations, and in all of its other areas of responsibility. I agree that the ability of the White House Counsel's Office to serve the President would be significantly impaired if the confidentiality of its communications and work-product is not protected, especially where the confidential documents are prepared in order to assist the President and his staff in responding to an investigation by the entity seeking the documents. Impairing the ability of the Counsel's Office to perform its important functions for the President would in turn impair the ability of you and future Presidents to carry out your constitutional responsibilities.

The Supreme Court has expressly (and unanimously) recognized that the Constitution gives the President the power to protect the confidentiality of White House communications. This power is rooted in the "need for protection of communications between high Government officials and those who advise and assist them in the performance of their manifold duties." *United States v. Nixon*, 418 U.S. 683, 705 (1974). "A President and those who assist him must be free to explore alternatives in the process of shaping policies and making decisions and to do so in a way many would be unwilling to express except privately." *Id.* at 708. Executive privilege applies to these White House Counsel's Office documents because of their deliberative nature, and because they fall within the scope of the attorney-client privilege and the work-product doctrine, *see Upjohn Co. v. United States*, 449 U.S. 383 (1981); *Hickman v. Taylor*, 329 U.S. 495 (1947). Both the attorney-client privilege and the work-product doctrine are subsumed under executive privilege. *See Response to Congressional Requests for Information Regarding Decisions made Under the Independent Counsel Act*, 10 Op. O.L.C. 68, 78 & n.17 (1986); *Confidentiality of the Attorney General's Communications in Counseling the President*, 6 Op. O.L.C. 481, 490 & n.17, 494 & n.24 (1982).

Under controlling case law, in order to justify a demand for confidential White House documents, a committee is required to demonstrate that the information

sought is "demonstrably critical to the responsible fulfillment of the Committee's functions." *Senate Select Committee on Presidential Campaign Activities v. Nixon*, 498 F.2d 725, 731 (D.C. Cir. 1974) (en banc). And those functions must be in furtherance of legitimate legislative responsibilities of Congress. *See McGrain v. Daugherty*, 273 U.S. 135, 160 (1927) (Congress has oversight authority "to enable it efficiently to exercise a legislative function belonging to it under the Constitution"); *Barenblatt v. United States*, 360 U.S. 109, 111 (1959) ("Congress may only investigate into those areas in which it may potentially legislate or appropriate").

The confidential White House Counsel's Office documents for which privilege would be asserted are not contemporaneous documents concerning the White House Travel Office matter being investigated by the Committee, or even documents generated as part of the White House review of that matter, but rather were created in connection with other matters or the response of the White House to subsequent investigations of the Travel Office and other matters by the Committee and the Independent Counsel. Whatever may be the extent of Congress's authority to conduct oversight of the executive branch's response to oversight — a question that must be viewed as unresolved as a matter of law in light of the requirement that there be a nexus to Congress's legislative authority — it is clear that congressional needs for information in that context will weigh substantially less in the constitutional balancing than a specific need in connection with the consideration of legislation. As for documents concerning the White House response to an ongoing criminal investigation by an Independent Counsel, we can identify little, if any, legitimate legislative need for such information. In sum, based on the Office of Legal Counsel's review of the documents for which assertion of executive privilege has been requested, and conducting the balancing required by the case law, *see Senate Select Committee*, 498 F.2d at 729–30; *United States v. Nixon*, 418 U.S. at 706–07, I do not believe that access to these documents would be held by the courts to be "demonstrably critical to the responsible fulfillment of the Committee's functions." *Senate Select Committee*, 498 F.2d at 731.

In conclusion, it is my legal judgment that executive privilege may properly be asserted in response to the Committee's subpoenas.

Sincerely,

JANET RENO
*Attorney General*